IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Christopher Patrick Curtin*
Case No. 3:18-cr-00020-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Christopher Patrick Curtin's ("Curtin") *Pro Se* Motion to Terminate Probation (the "Motion").[1] The United States (the "Government") opposes the Motion.[2] United States Probation and Pretrial Services ("USPO") recommends granting early termination.[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On January 7, 2019, pursuant to a plea agreement, Curtin pleaded guilty to Aiding and Abetting Bank Robbery in violation of 18 U.S.C. §§ 2113(a).[4] In the underlying offense, on July 7, 2017, Curtin and a co-conspirator planned to rob a Wells Fargo Bank branch in Anchorage.[5] The co-conspirator created a note to present to a bank teller and altered his appearance before entering the bank.[6] Curtin, "knowing what his co-conspirator intended, acted as the driver, and parked the car used to drive to the bank in a nearby cul-de-sac."[7] The co-conspirator entered the bank, gave the note to a teller, and left the bank with approximately $3,000 in U.S. currency.[8] He then rejoined Curtin in the getaway vehicle, Curtin drove them away, and they split the proceeds.[9] On April 11, 2019, Curtin was sentenced to an above-guidelines sentence of 60 months of imprisonment followed by three years of supervised release and $3,000 in restitution.[10] Curtin began his term of supervised release on April 27, 2022, and it is set to expire on July 24, 2025.[11]

---

[1] Dkt. 62 (Motion to Terminate Probation). Because Curtin is currently serving a supervised release term, not probation, the Court construes the Motion as a motion to terminate his supervised release under 18 U.S.C. § 3583.
[2] Dkt. 65 (Response in Opposition to Motion for Early Termination of Supervised Release).
[3] Dkt. 64 (USPO Memorandum).
[4] Dkt. 44 (Minute Entry); Dkt. 41 (Plea Agreement).
[5] Dkt. 41 at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Dkt. 58 (Minute Entry); Dkt. 60 (Judgment).
[11] Dkt. 64 at 1.

Curtin now moves for early termination of his supervised release based on his continued compliance with the conditions of his release.[12] He notes that he has "completed one year of substance abuse treatment," has "maintained steady employment throughout all the time [he] [has] been on supervision," has "not had a single infraction of any kind," and has "held steady contact with [his] probation officer."[13] Given his compliance, Curtin "feel[s] that [he] [is] both able and ready to be released from supervision."[14]

Opposing, the Government "readily acknowledges the efforts made by [] Curtin since his release and commends his performance" on supervision but "opposes the motion for early termination of supervision."[15] It argues that Curtin's success during supervision "is not . . . a reason standing alone sufficient to justify early termination."[16] Rather, "Curtin's excellent performance while on supervision is an argument in favor of letting the sentence run as imposed."[17] It notes that he has a lengthy history of substance abuse, resulting in multiple probation violations and periods of incarceration prior to this offense, and that his criminal conduct in this case "was clearly associated with [his] struggle with substance abuse."[18] Therefore, although "Curtin's re-entry and rehabilitation is a comparative success story in our District, and a testament to his own efforts and the effectiveness of his supervision," the Government "at this stage cannot non-oppose early termination altogether given [] Curtin's prior struggles and present success."[19] However, it advises that "[i]f there are any current conditions that [] Curtin finds onerous or inappropriate, the [Government] would invite and likely non-oppose a motion to modify accordingly."[20]

USPO recommends early termination based on Curtin's success on supervised release.[21] It notes that Curtin has made substantial progress and complied with all conditions while on supervised release, including maintaining stable employment and housing, consistently providing negative drug tests, and communicating well with USPO.[22] USPO further reports that Curtin has regained custody of his son, and is committed to remaining sober and providing a stable environment for his family.[23]

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's supervised release early.[24] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with

---

[12] Dkt. 62 at 1–2.
[13] *Id.*
[14] *Id.* at 2.
[15] Dkt. 65 at 1.
[16] *Id.* at 4.
[17] *Id.*
[18] *Id.* at 2–3.
[19] *Id.* at 4.
[20] *Id.*
[21] Dkt. 64 at 1.
[22] *Id.*
[23] *Id.*
[24] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

training or medical care, and the relevant provisions of the Sentencing Guidelines."[25] Additionally, the Court must follow Federal Rule of Criminal Procedure 32.1 and consider whether "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."[26] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[27]

Here, the Court concludes that early termination of Curtin's supervised release is warranted. Curtin has approximately ten months remaining on his supervised release term. The Court commends him for his compliance on supervised release, as well as for regaining custody of his son and maintaining steady employment, stable housing and contact with USPO. These circumstances, taken together, are sufficient to warrant early termination in this case. Given USPO's support for Curtin's early termination and that he appears well-situated to succeed, the Court determines that early termination of his supervised release is appropriate.

Accordingly, the Court **GRANTS** the Motion at Docket 62. FURTHER, it is hereby ORDERED that Curtin's supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 20, 2024.

---

[25] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[26] 18 U.S.C. § 3583(e)(1).
[27] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a).").